(Reap. Dec. 8320)

## TROPICAL PRODUCTS CORPORATION *v.* UNITED STATES

Entry Nos. 1023; 1024.

(Decided June 30, 1954)

*Barnes, Richardson & Colburn* (*Joseph Schwartz* and *Edward N. Glad* of counsel) for the plaintiff.

*Warren E. Burger,* Assistant Attorney General (*Arthur R. Martoccio, Joseph E. Weil,* and *John J. Antus,* trial attorneys), for the defendant.

LAWRENCE, Judge: The two above-enumerated appeals for a reappraisement were consolidated for hearing and determination.

The merchandise in controversy consists of cedar plywood shipped by Maderera del Tropico, S. A., Mexico, on or about November 24, 1947, to M. M. DuPouey of New Orleans, La., for the account of Tropical Products Corporation, Jasper, Ind. Entry of the merchandise was made by the importer of record, a customs broker. The entered and appraised values are set forth below in tabular form for ready reference—

| | | Entered | Appraised |
|---|---|---|---|
| ⅛″ material | 8¢ per sq. ft. | $80 per M sq. ft. | $110 per M sq. ft. |
| ¼″ " | 10.8¢ " " " | $108 " " " " | $135 " " " " |
| 3⁄16″ " | 09.5¢ " " " | $95 " " " " | $120 " " " " |

less nondutiable charges.

At the trial of this case, it was agreed by the parties that the merchandise was appraised on the basis of export value. The only question presented to the court is whether the entered prices contended for by plaintiff herein, or the increased amounts found by the appraiser

of merchandise, represent export value within the meaning of section 402 (d) of the Tariff Act of 1930 (19 U. S. C. § 1402 (d)). Inasmuch as only one factor entering into the appraisements has been challenged, the presumption of correctness as to all others stands. *United States* v. *Fritzsche Bros., Inc.*, 35 C. C. P. A. (Customs) 60, C. A. D. 371.

The only witness called upon to testify was Arnold F. Habig who appeared on behalf of plaintiff. He identified himself as the president of the Tropical Products Corporation, plaintiff herein and ultimate consignee of the imported merchandise, and stated that he had acted in that capacity for the past 10 years. He testified that he was familiar with the purchases and sales of his corporation and that he personally had charge of the purchase of the controverted merchandise. In August 1947, he visited Mexico, placed the order for the cedar plywood in issue, and investigated the market value of such or similar merchandise. His investigation consisted of analyzing price lists, talking with users of cedar plywood, and inquiring of them what they were paying for such merchandise.

On cross-examination, he testified that while in Mexico the supplier, Maderera del Tropico, S. A., showed him a price list. Government counsel exhibited to him a price list (not identified in the record) and asked if it was the price list he had been shown, to which he replied in the negative.

At subsequent proceedings, Government counsel offered and there was received in evidence as defendant's exhibit A a customs agent's report, attached to which was a price list of Maderera del Tropico, S. A., entitled "Medval Cedrella Plywood," the court's attention being particularly directed to page 3 thereof, containing a tabulation under the title "PRICES FOR EXPORT."

From the customs agent's report, *supra*, it appears that Maderera del Tropico, S. A., had offered to sell to W. O. Carter of Tampa, Fla., various kinds of plywood, but Carter had never made any purchases from that supplier. However, he exhibited and turned over to the customs agent a catalog (constituting part of defendant's exhibit A), which he stated had been received by him late in 1947 or early in 1948.

It is upon this meager record that determination of the quantum of value of the controverted merchandise must be made, the basis of value not being disputed.

Incumbent upon the plaintiff in an appeal for a reappraisement is the duty to meet the twofold burden of overcoming the presumption of correctness attaching to the action of the appraiser and to go further and establish the correctness of its claimed values in order to prevail. *Sears, Roebuck & Co. et al.* v. *United States*, 31 C. C. P. A. (Customs) 36, 42, C. A. D. 246.

On the present record, it would appear that plaintiff has not succeeded in sustaining its burden. The evidence discloses that the

merchandise in issue was purchased in August 1947 and was subsequently shipped on or about November 24 of that year. Although plaintiff's witness stated that during his visit to Mexico he had investigated the market, had been shown a price list of the Maderera del Tropico, S. A., and had entered the merchandise at the invoice prices, considering them to be the proper statutory value, the witness' testimony was not substantiated by the offer in evidence of said price list. When confronted with a price list by defendant's counsel, he stated that it was not the one which had been shown to him.

It should be borne in mind that the evidence supplied by plaintiff in support of its claimed values is predicated upon information gathered approximately 3 months prior to the date of exportation of the involved merchandise.

Counterbalancing the paucity of evidence offered by plaintiff in support of its twofold burden is the customs agent's report, with price list attached (defendant's exhibit A), from which it is apparent that there had been a free offer for sale of such merchandise and that proximate to the time of exportation here involved the merchandise was offered for sale at the higher values adopted by the appraiser.

In the light of the record before us, the court is of opinion that the plaintiff herein has failed to meet the burden of proof placed upon it by statute (28 U. S. C. § 2633), and the court finds and holds that the values found by the appraiser are the proper values of the merchandise in issue.

Judgment will be entered accordingly.